IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *on behalf of the estate of*
*LEMINGTON HOME FOR THE AGED,*                10-CV-800

       Plaintiff,

  v.

ARTHUR BALDWIN, ET AL.,

       Defendants.

## MEMORANDUM OPINION RE: REASONABLE TIME LIMITS SET FOR TRIAL ESTABLISHED AFTER A THOROUGH AND DELIBERATE PROCESS

**I. Introduction**

      As set forth in this Opinion, based upon the United States Court of Appeals for the Third Circuit's directive, this Court has conducted a thorough and deliberate process to determine the time limits for the jury trial set to begin on February 19, 2013. Since January of 2003, this Court has tried every civil case "on the clock," without any previous complaint or Petition for Writ of Mandamus. These time limits have resulted in cleaner, crisper, and better advocated cases. There is nothing distinctive or complex about this case that would warrant an elimination of this Court's time honored practice of setting time limits.

      Over the course of the pre-trial proceedings and up and until the present time, Defendants have vastly changed their positions on the time necessary to try this case. Defendants initially proposed that 48 hours were necessary to present evidence, but then argued to the United States Court of Appeals for the Third Circuit that 36 hours per side would be sufficient. Presently, even after the numerous steps undertaken by this Court to streamline the issues in this case, including evidentiary rulings during the pre-trial process, Defendants now argue that approximately 80

hours, is required for for the presentation of their case (60 hours for direct examination if only "will call" witnesses are called, or 64.5 hours if all witnesses are called, and 19 hours for will call witnesses, or 24 hours for all witnesses' cross-examination). These widely changing proposed time limits have not been helpful to the Court in its determination of the appropriate time limits and suggest that the focus is not on the core disputed issues. Plaintiff has remained steadfast that Defendants' proposed time limits are "grossly inflated." Doc. No. 490, 2.

After a detailed and thorough review of: the parties' trial narratives; each proposed exhibit; every joint stipulation; all witness proffers; the complete previous rulings by this Court; the total record of the case in the United States Bankruptcy Court; the applicable model jury instructions; and the full set of filings in this case, the Court will increase the amount of time previously set for trial. However, none of the time limits proposed by Defendants, at any stage of these proceedings, is an appropriate measure, because they do not reflect the duplicative nature of the exhibits or witness testimony that may be presented, or the relatively straightforward nature of this case.

The Court's amended time limits, which are similar to others the Court has imposed in like civil cases, and distinguishable from time limits used in two (2) recent and more complex patent cases, will allow for a fair and focused presentation of evidence and witnesses to the jury.

**II. Procedural History**

At the November 22, 2011 Preliminary Pretrial Conference, the Court informed counsel that Plaintiff and Defendants would be allotted 7.5 hours each to present evidence. Doc. No. 446, 3. The Court also informed the parties that both parties would have 30 minutes to open and 30 minutes to close. Id. at 49. Defendants requested one hour to open and one hour to close. Plaintiff objected to that request. Id. at 51-52. Based on Defendants' request, the Court

increased Defendants' time to 40 minutes to open and 40 minutes to close. Id. at 52. On December 1, 2011, Defendants filed a Motion to Reconsider and proposed 48 hours per side to present evidence. Doc. No. 434. The Court denied the Motion for Reconsideration and stayed the case pending an interlocutory appeal. Doc. No. 444. That appeal was dismissed by the United States Court of Appeals for the Third Circuit for lack of jurisdiction. *Official Comm. Of Unsecured Creditors v. Baldwin*, 11-8098 (3d Cir. Mar. 23, 2012).

On December 15, 2011, Defendants filed a Petition for Writ of Mandamus seeking a minimum of 48 hours for each side to present evidence. *In re Baldwin,* 11-4447, Doc. No. 1, 33. In its Response, Plaintiff stated that 48 hours per side was a greatly inflated request. *In re Baldwin*, 11-4447, Doc. No. 4, 11. On May 2, 2012, Defendants reiterated their request for 48 hours per side. *In re Baldwin*, 11-4447, Doc. No. 12, 17. On May 31, 2012, the case was argued before the United States Court of Appeals for the Third Circuit. During that argument, Defendants stated that any time limit less than 36 hours per side would warrant a writ of mandamus. Oral Argument, 9:57.[1] Plaintiff stated that the case could be presented in 7.5 hours per side but that it would retain the right to take a direct appeal due to the time limit imposed. Id., 22:10-22:45. On November 26, 2012, the United States Court of Appeals for the Third Circuit issued a precedential Opinion denying the Petition for Writ of Mandamus. *In re Baldwin*, 700 F.3d 122 (3d Cir. 2012). In its Opinion, the United States Court of Appeals for the Third Circuit urged this Court to reconsider the time limits that had originally been imposed in the case. *Id*. at 129 n.5.

---

[1] An audio recording of the Oral Argument is available at http://www.ca3.uscourts.gov/oralargument/audio/11-4447InRe.ArthurBaldwin.etal.wma (last visited Jan. 24, 2013).

**III. Legal Standard**

The United States Court of Appeals for the Third Circuit has "recognized that a district court may impose limits on the parties' presentation time at trial." *In re Baldwin*, 700 F.3d at 129 (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995)). "A district court should impose time limits . . . after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *Duquesne Light*, 66 F.3d at 611.

**IV. Discussion**

**A. General Principles**

This Court believes that imposing time limits "increases the efficiency of the trial from everybody's perspective." *Duquesne Light,* 66 F.3d at 609. As the United States Court of Appeals for the Third Circuit has recognized (quoting District Judge Bertelsman):

> It requires counsel to exercise a discipline of economy choosing between what is important and what is less so. It reduces the incidence of the judge interfering in strategic decisions. It gives a cleaner, crisper, better-tried case. It gives a much lower cost to the clients. Finally, it will save months of our lives.

*Id.* (quoting *United States v. Reaves*, 636 F.Supp 1575, 1580 (E.D. Ky. 1986)). District Courts within this Circuit have recognized the need to limit trial presentations in their local rules. See M.D. Pa., LR 43.10.

*1. Univ. of Pittsburgh v. Varian Med. Sys., Inc. Patent Trial*

This Court recently allocated Plaintiff 18 hours and Defendant 20 hours to present evidence in a trifurcated patent trial in which Plaintiff sought over $200 million. *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, Civ. No. 08-1307, actual jury verdict of $36.8 million. Counsel was able to present all witnesses and evidence within the allotted time and Varian has

4

not raised the issue at the United States Court of Appeals for the Federal Circuit. The Court believes that the Varian case was more complex, and had more evidence, than the case at bar.

      *2. Carnegie Mellon Univ. v. Marvell Tech. Patent Trial*

Other Judges within the Western District of Pennsylvania have also imposed time limits for complex civil cases. For example, United States District Judge Fischer recently allocated Plaintiff and Defendant 20 hours each (which increased to 25 hours during trial) to present evidence in a patent trial in which Plaintiff sought over $4 billion. *Carnegie Mellon Univ. v. Marvell Tech.*, Civ. No. 09-290, actual jury verdict of $1.1 billion.

      **B. Summary of Process**

As directed by the United States Court of Appeals for the Third Circuit, the Court has undertaken a detailed review of this case in order to allow for an informed decision on an appropriate time limitation. As part of this review, the Court has:

- Ordered parties to meet and confer in order to agree upon additional Stipulations of Fact;
- Reviewed the Bankruptcy Court's Orders entered during the intervening year;
- Ordered new Pretrial Statements;
- Ordered a new Joint Exhibit Chart;
- Conducted a thorough hearing to discuss objections to trial exhibits, verdict form, and other pretrial matters; and
- Conducted a thorough hearing to discuss the testimony of the witnesses and time limits.

Counsel for both Plaintiff and Defendants stated on the record at the January 16, 2013, hearing, that there were no additional steps that the Court should take in order to make this informed decision.

**C. Advanced Rulings, Courtroom Technology, and Stipulations**

    *1. Advanced Rulings*

Although the United States Court of Appeals for the Third Circuit "believe[s] that courts have discretion to impose limits on a party's trial presentation without the necessity of ruling specifically on 'each particular item of evidence offered,'" this Court has specifically ruled on "each particular item of evidence [that will be] offered," in the instant matter, except for four trial exhibits. *Duquesne Light*, 66 F.3d at 609 (quoting *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 10, 13 (D. Conn. 1977)). Thus, the parties (and the Court) know exactly what evidence may be presented at trial. The parties spent many hours working on the Joint Exhibit Chart. In addition to two thorough hearings, which took approximately 3 hours and 45 minutes, the Court spent a significant amount of time reviewing the Joint Exhibit List, and the objections of each party and responses thereto.

During the course of trial, counsel will not have to mark an exhibit, present it to a witness for identification, move it into evidence, and then have argument thereon. Instead, at the beginning of Plaintiff's case-in-chief, all of Plaintiff's exhibits, which the Court has ruled admissible, will be moved into evidence *en masse*. The same will happen at the beginning of the Defendants' case-in-chief. Defense Counsel had calculated the time necessary for trial under the (incorrect) assumption that the Court's rulings on exhibits were "preliminary."

    *2. Courtroom Technology*

The United States District Court for the Western District of Pennsylvania has made substantial investments in courtroom technology in order to allow for the efficient presentation of evidence. The Court's standard Pretrial Order, which was utilized in this case, requires that the parties fully utilize this courtroom technology. Doc. No. 449, ¶ 11. All exhibits must be

shown to the jury electronically using trial presentation software. This procedure eliminates the need for counsel to furnish a copy of an exhibit to the jury, wait for each juror to read the document, and then continue examining a witness. When combined, the Court's experience is that providing the parties with rulings on (almost) all evidentiary matters prior to trial and using the courtroom technology, shortens the time required for trial by approximately 30-40%. Jurors who have heard cases in an "electronic" courtroom after having previously heard a case in a "paper" courtroom have remarked that the electronic presentation of evidence was very beneficial to the efficiency of the trial and the quality of counsels' presentations.

*3. Stipulations of Fact*

In addition to advance rulings and courtroom technology, which will shorten the time necessary for trial, the Court has required counsel to meet and agree on further Stipulations of Fact. Text Orders of November 22, 2011, and November 27, 2012. The parties submitted 57 such Stipulations (33 more than the previous set of Stipulations) on December 28, 2012. Doc. No. 454. The parties may use these Stipulations at any time during the trial and the jury will be provided copies of the Stipulations. Thus, the parties will not need to examine witnesses or introduce exhibits in order to prove these 57 facts. This procedure reduces the amount of time necessary for trial because instead of focusing on undisputed issues, the trial will only be focused on disputed facts.

**D. Exhibits**

*1. All But Four Exhibits Have Been Ruled Upon*

The parties have proffered 319 exhibits to be presented at trial, which encompasses 227 exhibits offered by Plaintiff, 91 exhibits offered by Defendants, and 1 joint exhibit. Doc. Nos. 457 and 469. The Court has ruled four of those exhibits inadmissible and five other exhibits

have been ruled inadmissible in part. Thus, there are 306 fully admissible exhibits, 5 partially admissible exhibits, and 4 exhibits yet to be ruled on. Of the 306 fully admissible exhibits, many are summary exhibits pursuant to Fed.R.Evid. 1006, which are based on other admissible exhibits. See, e.g., D-58 through D-63; P-224 through P-227.

### 2. Duplication In Exhibits

Despite the large number of exhibits, the distinct amount of information contained within those exhibits is not as substantial as Defendants suggest. Some exhibits restate the same information as prior exhibits, albeit in a different form. For example, Exhibits D-86 through D-89 are tax returns for the Home. The same information is included in the audited financial statements of the Home, Exhibit D-5. Other exhibits likewise have repetitive information. For example, P-92 is a copy of handwritten notes of a Board meeting. Minutes from that same Board meeting would be introduced into evidence. Although the handwritten notes contain some information not contained in the minutes, most of the information in exhibits P-92 is contained within the minutes.

Thus, although it may appear as though there are numerous exhibits that will need to be presented, most of the exhibits may only be moved into evidence and need not be discussed by any witness. For those exhibits that will be discussed during a witness' testimony, the testimony will be limited to certain portions of the exhibits in question. During the damages trial that this Court conducted for *Univ. of Pittsburgh v. Varian Med. Sys. Inc.*, Plaintiff was alloted four hours and Defendant six hours to present evidence. Over 130 exhibits were admitted into evidence at that trial. Thus, the number of exhibits to be offered in this trial is not so numerous as to require more than 31 hours, which the Court has allotted to the parties, in total.

**E. Witnesses**

*1. Overlap within Witness Proffers*

The parties' pretrial statements include 39 named "will call" witnesses. Of those 39 named witnesses, 8 are listed by both Plaintiff and Defendants. The overlap in the witness proffers for these 8 witnesses is substantial. For example, Plaintiff's proffer for Mr. Baldwin is subsumed by the proffer provided by Defendants except for one matter, his testimony regarding Mr. Shealey's performance. Ms. Audiorio's proffer by Plaintiff is subsumed by Defendants' proffer. Defendants' proffer for Ms. Causey is subsumed by Plaintiff's proffer. Most of Defendants' proffer for Mr. Shealey is subsumed by Plaintiff's proffer. Approximately 75% of Plaintiff's proffer for Mr. Parker is subsumed by Defendants' proffer. Defendants' proffer for Ms. Kay is subsumed by Plaintiff's proffer. Defendants' proffer for Mr. Meyer is subsumed by Plaintiff's proffer.

*2. Overlap Among Categories of Information*

In addition to the overlap between the parties' witness proffers, there is overlap within the proffers provided by each party as to certain categories of information. For example, many of Defendants' witnesses will testify as to: the Home's relationship with the community; the decision to delay filing for bankruptcy; the proposed deal with UPMC; the interactions with McGuire Woods; and other matters discussed at Board meetings. Several of Plaintiff's witnesses will testify as to Ms. Causey's performance and the decision to terminate her employment. Thus, although there are 39 "will call" witnesses, the amount of testimony required from some witnesses will be minimal. The need for some witnesses to testify may be eliminated due to the testimony of prior witnesses.

Therefore, the time for each witness' testimony is not the number of hours outlined by Defendants because, as admitted to by Defense Counsel during the witness conference, such estimations did not account for overlap amongst the witnesses and the information sought by Plaintiff and Defendants. The parties will be permitted to call witnesses, but overlapping/duplicative testimony is unhelpful to the jury. The Court's time limits account for witnesses' streamlined testimony.

### F. Input from Counsel

There is a sharp divide among counsel regarding the time it will take to properly present the evidence in this trial. Defense Counsel now contend that they need approximately 80 hours. See Doc. Nos. 465 and 491. The Court notes that this is 44 hours more than the 36 hours mentioned during oral argument at the United States Court of Appeals for the Third Circuit and 32 hours more than the 48 hours requested in the Petition for Writ of Mandamus. Plaintiff's Counsel, who has the burden of proof in this case, stated that he believes Defense Counsel's 80 hour figure is "grossly inflated." Doc. No. 490, 2. Plaintiff has requested that it be allotted the same number of hours as Defendants. Id. The Court believes Plaintiff can elicit testimony from witnesses that applies to both directors and officers. Defendants, on the other hand, may need to differentiate between directors and officers. Therefore, Defendants will be allotted more time than Plaintiff.

## V. Conclusion

As directed by the United States Court of Appeals for the Third Circuit, this Court has undertaken a detailed review of the evidence that will be presented at trial. The Court has also taken into account its own experience, and the experience of other Judges in this District, when considering the time limits to be imposed. Finally, the Court has had two in-depth conferences

with trial counsel to discuss the evidence which may be presented and the time they believe is necessary to try this case.

Although this case involves many parties and has been ongoing for a substantial amount of time, it is at its essence, a straightforward one. Plaintiff summarized, in detail, the evidence it would present at trial in approximately three pages. Doc. No. 464, 2-4. Defendants summarized, in detail, the same information in approximately six pages. Doc. No. 465, 1-7.

The Court understands Defendants' desire to have many of the directors and officers testify because of the possibility of punitive damages and thus will allot Defendants more time than Plaintiff. However, the Court believes that this trial is not so complex as to require 80 hours per side (equivalent to 7 weeks of trial time).

After carefully weighing all of this information, the Court will allot 1 hour for Plaintiff to open, 30 minutes for Defendant Directors to open, 30 minutes for Defendant Officers to open, 12 hours to Plaintiff to present evidence (direct, cross, and rebuttal), 15 hours to Defendants to present evidence (direct, cross, and rebuttal), 30 minutes for Defendant Directors to close, 30 minutes for Defendant Officers to close, and 1 hour for Plaintiff to close. These time limits account for the presentation of exhibits and witnesses in a just, but efficient, manner. The Court will reconsider these limits during trial if warranted.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties