IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *on behalf of the estate of*
*LEMINGTON HOME FOR THE AGED,*   10cv800
  **ELECTRONICALLY FILED**
    Plaintiff,

  v.

ARTHUR BALDWIN, ET AL.,

    Defendants.

**<u>MEMORANDUM ORDER RE: OFFICER DEFENDANTS' OMNIBUS OBJECTION TO THE ADMISSIBILITY OF EXHIBITS WITHOUT PROPER TESTIMONY AND EVIDENTIARY FOUNDATION AND IN THE ABSENCE OF STIPULATION (DOC. NO. 501)</u>**

**I. Introduction**

Currently before the Court is Defendants Causey and Shealey's ("Officer Defendants'") Omnibus Objection to the Admissibility of Exhibits Without Proper Testimony and Evidentiary Foundation and in the Absence of Stipulation. Doc. No. 501. The Court has explained the detailed process by which it ruled on the admissibility and authenticity of all but four exhibits in its prior Memorandum Opinion re: Reasonable Time Limits Set for Trial Established After a Thorough and Deliberate Process. Doc. No. 496, 5-6. Officer Defendants object to that process, which this Court has used in every civil and criminal trial over which it has presided for the past ten years and which other District Judges throughout the Nation consistently employ. For the reasons set forth below, Officer Defendants' Objection will be OVERRULED.

**II. Discussion**

Defendants rely upon Fed.R.Evid. 104 for the proposition that such final rulings made prior to trial are impermissible. However, Officer Defendants disregard Fed.R.Evid. 103(b),

which states that "[o]nce the court rules definitively on the record — either before or at trial — a party need not renew an objection or offer of proof to preserve a claim of error for appeal." The language regarding rulings made prior to trial was incorporated into Rule 103 in 2000. The Advisory Committee Notes for the 2000 Amendments discuss "definitive ruling[s]" made on evidentiary matters prior to trial. Advisory Committee Notes, 2000 Amendment, Fed.R.Evid. 103; *see United States v. Bonds*, 608 F.3d 495, 518 n.11 (9th Cir. 2010) (Bea, J. dissenting); *see also Franklin v. State*, 965 So.2d 79, 89 (Fla. 2007) (discussing the similar provision of Florida's Rules of Evidence). The language of the Rule is unambiguous. The Court can definitively rule on exhibits prior to trial.

Furthermore, Fed.R.Evid. 103(d) provides that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." If the Court were to conduct the trial in the manner that Officer Defendants propose, it would be in direct violation of this Rule. The parties would be able to suggest inadmissible evidence to the jury, the other party would object, then the Court would make a ruling on the record.

This practice would render Motions in Limine impractical because the Court's rulings would be preliminary and parties would be able to re-raise any objection during trial. The Court is not aware of any District Court Judge who declines to rule on Motions in Limine until trial because of Fed.R.Evid. 104. The process suggested by Officer Defendants would also unnecessarily extend the trial's duration. All pre-trial rulings could be re-litigated during trial. This Court has a right to manage its docket in a manner that does not waste judicial resources. *See In re Baldwin*, 700 F.3d 122, 129 (3d Cir. 2012).

Notably, Officer Defendants do not cite any binding cases for the proposition that the Court's final pre-trial rulings on exhibit objections is impermissible under the Federal Rules of

Evidence. Instead, Officer Defendants rely upon non-binding cases that do not stand for the propositions for which Officer Defendants claim. For example, Officer Defendants rely on *Blake v. Pellegrino*, 329 F.3d 43, 48 (1st Cir. 2003) for the proposition that Rule 104(a) only allows for preliminary ruling prior to trial. However, this is not *Blake's* holding. *Blake* concerned a trial judge who ruled on the persuasiveness of a piece of evidence under the guise of Rule 104(a). *Id*. at 48. The United States Court of Appeals for the First Circuit held that a Judge could not exclude evidence solely because he found it unpersuasive. *Id*. The United States Court of Appeals for the First Circuit stated that "[R]ule [104] enables a trial judge to decide whether foundational facts have been established []and, thus, whether particular pieces of evidence are eligible for admission . . . ." Defendants argue that the use of the word "eligible" suggests that a ruling before trial cannot be final. However, in this context, "eligible" just means that a party can choose not to move an exhibit into evidence, even if the Court has ruled that it is admissible.

The Court finds *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604 (3d Cir. 1995), which Officer Defendants relied upon in their Petition for Writ of Mandamus, instructive. In *Duquesne Light*, the United States Court of Appeals for the Third Circuit indicated that such rulings prior to trial were permissible. The Court in *Duquesne Light* held that trial limits were appropriate even if "each particular item of evidence offered" was not ruled on. *Id*. at 609 (quoting *SCM Corp. v. Xerox Crop.*, 77 F.R.D. 10, 13 (D. Conn. 1977)). Thus, it is reasonable to assume that time limits are permissible when each particular item of evidence is ruled upon. This is only possible if the rulings were made prior to the imposition of time limits, and thus prior to trial.

3

Officer Defendants cite to the practices of other Judges, both within and outside this District, in an attempt to show that this Court's process is flawed. Judges have different philosophies for trial management. This is evidenced not only in how Judges rule on objections to exhibits, but in other processes. For example, each Judge within this District conducts voir dire for civil trials in a different manner. Nonetheless, the Court is not alone in ruling on exhibits prior to trial. For example, Judge Baer, of the United States District Court for the Southern District of New York, rules on the admissibility of exhibits prior to trial. *Goonewardena v. N.Y. State Ins. Fund,* 2003 WL 21305356 (S.D.N.Y. June 5, 2003); *see also Griffin v. Yonkers*, 891 N.Y.S.2d 896, 897 (Sup. Ct. 2009).

The Court does not indiscriminately rule on all questions of admissibility and authenticity prior to trial. The Court has withheld ruling on four separate exhibits until an issue arises during trial because the Court was not able to determine if the exhibits were admissible on their face. Conversely, the objections to the other exhibits could be ruled upon based solely on the exhibit. For example, if a party objects to introduction of an exhibit based on hearsay, and it is clear from the exhibit that it is a business record, there is no need for the Court to wait until trial to rule on the objection. The same can be said for authenticity. If an objection to the authenticity of an exhibit is made, and the exhibit is self-authenticating, there is no reason for the Court to withhold ruling on the objection until trial.

Further, no ruling on the admissibility of an exhibit is truly "final" until the jury has been charged and has begun deliberations. *Cf. Black v. State*, 362 S.W.3d 626, 634 (Tex. Crim. App. 2012) ("a trial court retains the authority to . . . revisit its pretrial ruling thereon during the course of trial"); *State v. Montjoy*, 366 N.W.25 103, 107 (Minn. 1985); *Gibbons v. People*, 445 P.2d 408, 409 (Colo. 1968). If it becomes obvious during trial that an error was made regarding the

4

admissibility of a particular piece of evidence, the Federal Rules of Evidence provide an adequate remedy. The Court may strike evidence that has previously admitted into evidence, and instruct the jury to disregard such evidence, or it may admit into evidence an exhibit that it had previously excluded.

Finally, although Officer Defendants object to the Court ruling on exhibits prior to trial, they use these same rulings to their benefit. For example, Officer Defendants have submitted, Exhibit D-125, a PowerPoint presentation they intend to use during opening statements. Doc. No. 476-23. Because the Court has ruled on exhibits before trial, counsel can confidently aver in their opening statements that they will be able to place specific exhibits before the jury during trial. If this Court had declined to rule on objections to exhibits until during trial, counsel would not be able to make such averments during opening statements and the Court may have sustained many of Plaintiff's objections to Officer Defendants' PowerPoint. Furthermore, because of pretrial rulings, counsel can prepare their overall trial narrative based on which trial exhibits may and may not be presented at trial.

**III. Conclusion**

In sum, the process by which this Court has ruled on objections to the admissibility and authenticity of trial exhibits for the past ten years is permitted by the Federal Rules of Evidence and by binding precedent. The process allows for the efficient presentation of evidence to the jury. It assists counsel because they know what evidence will and will not be permitted during trial, allowing counsel to better prepare for trial. It also assists the jury because they do not have to sit through sidebar conferences where exhibits are ruled upon.

**IV. Order**

AND NOW, this 6th day of February, 2013, IT IS HEREBY ORDERED that Defendants Causey and Shealey's Omnibus Objection to the Admissibility of Exhibits Without Proper Testimony and Evidentiary Foundation and in the Absence of Stipulation (Doc. No. 501) is **OVERRULED**.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties